# Ware, Register, *v.* McDonald.

## *Appeal from Order Granting Mandamus.*

1   *Wife's separate estate; what decree subjects.*—A decree of the Chancery Court, appropriating moneys, arising from a sale of lands of the separate estate of a married woman, under a former decree in the cause, which had been reversed, is a decree "subjecting to sale" the separate estate of a married woman, as much as if the court had ordered a sale of the lands themselves.

2.   *Code of 1876, § 3930 construed.*—The fact that a married woman is "a free dealer," and authorized to contract as a *femme sole,* will not exclude her from the benefits of the statute (Code, § 3930,) authorizing married women to appeal from decrees or judgments subjecting their separate estates, without giving security for costs.

3.   *Appeal; when allowance of, compelled by mandamus.*—A party against whom a decree is rendered, is entitled to an appeal as matter of right ; and where the appeal is denied, and its allowance is sought to be compelled by *mandamus,* the court, in determining the application, will not look to the probable result of the appeal.

4.   *Refusal of Register to make out transcript ; remedy for.*—Where the Register in Chancery refuses to make out and send up the transcript of the record in a chancery cause on appeal, application should be made to the Chancellor or to this court, for appropriate orders to have the transcript sent up.

5.   *Register in Chancery ; power of Circuit Judge to control official action of.*— A Circuit Judge has no authority to control the Register in the discharge of his duties in reference to causes in Chancery Court, and there is no necessity for a resort to *mandamus* in such a case ; and if the Circuit Judge grant the writ in such a case, this court, on appeal from the order allowing the *mandamus,* will reverse.


APPEAL from order of Circuit Judge that *mandamus* issue to Register in Chancery.

The opinion states the case.

TERRY & LANE, for appellant.

E. L. CLARKSON, *contra.*

MANNING, J.—Appellee is a married woman, against whom a decree subjecting the proceeds of property of her separate estate to the payment of a mortgage debt, was rendered in 1877, in the Chancery Court of Jefferson county, in favor of the Mobile Life Insurance Company.  She prayed an appeal to the Supreme Court, without giving security for

the costs, having made and offered an affidavit of her inability to do so, and claiming the appeal by virtue of section 3930 of the Code of 1876.

The statute gives such right, affidavit being duly made, "when any judgment of the Circuit Court, or any decree of the Chancery Court, has been or may be rendered, *subjecting to sale the separate estate of a married woman, or any part thereof*," &c. It is insisted that Mrs. McDonald is not within this act, because the decree appealed from does not subject to sale any such estate, but only orders, instead, an appropriation of money in court to the payment of the debt. The fact is, that under a former decree in the same cause, the land had been sold to complainant, the Insurance Company, and the sale confirmed; after which, upon appeal, this court reversed that decree, and remanded the cause; and upon another hearing, after amendment of the bill, and, perhaps, upon additional evidence, a decree was again rendered against defendant, Mrs. McDonald, the sale previously made confirmed, and the proceeds of it ordered to be paid paid to the Insurance Company. This is the decree from which the appeal now sought to be made effectual, is taken.

It would be a very narrow view of the statute, a mere sticking in the bark, to construe it when the land itself has been thus sold, as not embracing the proceeds as standing in the place of the land. The object of the law would, in such a case, plainly not be carried out. We have no doubt that this change of Mrs. McDonald's property from land into money, did not impair her right to appeal under the section of the Code in question.

By holding that Mrs. McDonald is not entitled to the appeal without security for costs, because she has been made a "free dealer," and authorized to contract as a *femme sole*, we should be putting an exception into the statute which the legislature did not place there, and this we do not feel at liberty to do.

Upon an application for a *mandamus*, we cannot look beyond to consider what the result of the appeal in the cause would probably be, with a view to determine thereby whether the appeal should be allowed or not. A party against whom a decree is rendered, is entitled to that, according to the law, as a matter of right.

But the application in this case was made to a Circuit Court Judge, for a *mandamus* to the Register of a Chancery Court, to make out and send up a transcript of the record of a cause in the Chancery Court, into this court, to be here heard and reviewed upon appeal. And no reason is shown why resort for an order to that effect was not had either to

[Smith et al. v. Roberts.]

the Supreme Court, to which the appeal is taken, or to the Chancellor, if any order was necessary. It does not come within the scope of a Circuit Judge's jurisdiction to control the Register of a Chancery Court, in the discharge of his duties in relation to causes therein. The Chancellor might make any order necessary to effect the object of this proceeding, or a writ of *certiorari* be obtained from this court, upon motion, requiring a copy of the record to be sent up.

For this reason, let the order for a *mandamus* be reversed, and the application be dismissed.