McCreary, Ad., vs. J. H. Rogers, J.

---

## McCREARY, Ad., vs. J. H. ROGERS, J.

1. **SUPREME COURT**: *Superintending control over inferior courts—Mandamus.*
   The supreme court has general superintending control over all inferior courts of law or equity; in aid of which it can issue, hear and determine writs of mandamus; and this writ may always be issued in the sound legal discretion of this court, whenever the failure or refusal of the inferior tribunal to act in a matter in which its duty to do so is plain, and may deprive or bar any one of a legal or equitable right. It will not be used to determine the discretion of the inferior judge, but will, in all cases, to compel him to exercise it; and in cases where he has no discretion, but a particular duty, this court will compel him to perform it.

2. **APPEAL**: *Right of, absolute, and enforced by mandamus.*
   The right of appeal is positive, regardless of merits; and should be granted upon a judgment or final order, immediately, upon motion made during the same term; and if it operates as a supersedeas, it takes the case out of the jurisdiction of the court and cuts off garnishments and all proceedings directed to carrying the judgment or final order into effect. And if it be denied by the circuit judge, this court will, by mandamus, compel him to allow it by the entry of a *nunc pro tunc* order as of the date of the motion.

McCreary, Ad., vs. J. H. Rogers, J.

WRIT OF MANDAMUS.
*W. Walker* and *F. W. Compton*, for plaintiff.
*Rose, contra.*

EAKIN, J. An alternative writ of mandamus issued in this case, upon the petition, to this court, of Margaret McCreary, as administratrix of the estate of John McCreary, directed to the honorable judge of the circuit court of Sebastian county, for the Fort Smith district, commanding him to grant an appeal, or show cause.

The petition set forth that a suit had been instituted by attachment in said court by one John Taylor against John McCreary, deceased, in his lifetime, and a summons duly served. The attachment also had been served on certain garnishees. After that, said John McCreary died and the relator appeared to the suit, and defended. The cause was tried by a jury, and resulted in a verdict against her for $289.07, upon which the court rendered judgment, as she says, against the decedent, instead of herself, as administratrix. That she moved the court, at the same term, for the grant of an appeal, which the judge refused to allow, for the reason that the allowance of it, at that time, would supersede the judgment and suspend all further proceedings on the garnishment. That, by further proceedings, the garnishees were forced to pay the amount of the judgment to the plaintiff, who is a non-resident, and whose sureties in the attachment bond are not certainly solvent. She complains that she will be deprived of the means of collecting the debt from the garnishees, if the judgment should be reversed, unless the appeal may be allowed of the day it was prayed; and asks the interposition of this court to compel its allowance accordingly.

The response of the honorable circuit judge, admitting other material facts, shows that the judgment was properly rendered against petitioner in her representative character, and not against the decedent, as stated. That afterwards one of the garnishees answered in writing, and acknowledged his indebtedness to the deceased in the sum of $500.55. That when he was filing said answer, and whilst that particular business was occupying the attention of the court, petitioner interposed and prayed, by oral motion, an appeal from the judgment.

The plaintiff at the same time moved for an order upon the garnishee to pay into court a sum sufficient to satisfy the judgment and costs; and also for an order to appropriate the sum so paid to the purpose; and objected to the allowance of an appeal until the proceedings on the garnishment should be disposed of. The motion of the plaintiff was sustained. The garnishee was ordered to pay the money to the sheriff, and he to appropriate the same to the judgment and costs; providing, however, by the terms of the order, that if an appeal should be taken before the sheriff had disbursed the money, he should hold the same to await the final action of this court. He says that at the time of making said order, he advised petitioner that he would grant the appeal as soon as the matter of the garnishment should be disposed of, and made the proviso in the order for the express purpose of protecting petitioner's rights, in case she should afterwards pray an appeal. This her attorney declined to do, but insisted that the record should show his prayer of appeal as having been made before the order in the garnishment. This order was made on the fourth of December, 1879. The court remained in session until the sixth, and did not finally adjourn until the

month of February following. The money was not paid to the sheriff until the fifteenth of December, 1879, and the petitioner might, in the intervening time, have fully protected all her rights by praying an appeal, which would have been allowed.

A transcript of the proceedings is filed in this case with the petition, and also so much of them as is necessary accompanies the return. Upon the sufficiency of this return the case is submitted.

This court has the general superintending control over all inferior courts of law or equity, in aid of which it can issue, hear and determine writs of mandamus; and this writ may always be issued, in the sound legal discretion of this court, whenever the failure or refusal of the inferior tribunal to act, in a matter in which its duty to do so is plain, may deprive or bar any one of a legal or equitable right. It will not be used to determine the judicial discretion of an inferior judge, but will, in all proper cases, compel him to exercise it; and in cases where he has no discretion, but a particular duty, will compel him to perform it.

1. SUPREME COURT: Superintending control over inferior courts. Mandamus

The judgment rendered for the debt and costs against the petitioner was final. It was a complete adjudication of the right of the plaintiff in the case, and of the liability of the defendant. The proceedings in the garnishment were ancillary to the enforcement of the rights so determined, and not essential to their determination. They are, in their nature, in aid of execution. The finality of the judgment against the administratrix could not be affected, nor her obligation to discharge the same modified, by the result of any inquiries, or action taken in the matter of the garnishment.

McCreary, Ad., vs. J. H. Rogers, J.

APPEAL:      The right of appeal is positive, regardless of merits, and
Right of should be granted upon a judgment or final order, imme-
absolute.
diately, on motion made for the purpose during the same
term.  If it operates as a supersedeas, it takes the case at
once out of the jurisdiction of the court, and cuts off all
proceedings directed to carrying the judgment or order into
effect.   With the principal matter, the ancillaries go also.
Otherwise, very embarrassing complications of rights, if not
irreparable injuries, might occur upon reversal.   On the
other hand, if the order or judgment be affirmed, there is
room for all further necessary proceedings, and the parties
are protected by the supersedeas bond, or at least to the
full extent of the assets of an estate where the appeal is by
an administrator.

The appeal itself in this case, being prayed by an admin-
istratrix, would, if granted, have at once operated as a
supersedeas.   The party was entitled to that effect of it,
and the judge had no discretion, to postpone its operation
until further orders should be made in the case, which
would not have been proper, if the appeal had been grant-
ed.   He might, perhaps, with the garnishee's consent, have
allowed the money to be paid into the sheriff's hands for
preservation, to which there would probably have been no
objection.   But he had no power after appeal prayed, to
make a race of diligence between the plaintiff in getting
the money from the sheriff, and the defendant in getting
in and notifying the sheriff of another appeal.

It can not be denied that the action of the honorable
circuit judge was in itself considerate, and if it had been
accepted and acted upon by petitioner's attorney, by im-
mediate application for an appeal after the order was made,
we can not see how his client could have been prejudiced.
But the correct rules of practice in common law cases must

be preserved, and we can not dictate to attorneys terms of practice, or concessions to the courts, which the law does not require. They have high and delica·e duties, for the discharge of which they are responsible to their clients, their consciences and their profession, and must be allowed ·without criticism, to insist upon the strict legal rights of those whose business is committed to their charge. We can not inquire into the motives of the attorney in desiring that no further proceedings be had upon the garnishment. Good reasons are conceivable why, in case of reversal, the defendant may have thought it best that the money should not have been paid in. But we are not called upon to make conjectures. It was for the attorney to determine when, after final judgment, to pray the appeal and have the supersedeas. It was not in the power, however well meant were the intentions, of the circuit judge to refuse the appeal when asked.

No clear legal remedy now suggests itself to us, as available to petitioner, but this of mandamus. An appeal now taken before the clerk of this court would leave it out of her power to contest the validity of the payments made under the order, and might not be effective to restore her rights. What they are, we can not determine in anticipation. We only say she should have a day in court to be heard on them. Nor would it be proper, for the same reason, to look into the merits of the appeal.

Let a peremptory mandamus issue to the circuit court of Sebastian county for the Fort Smith district, commanding the judge thereof to cause an order to be made *nunc pro tunc*, as of date of the fourth of December, 1879, granting to the defendant an appeal to this court, from the judgment rendered against her, in the case of *John Taylor v. Margaret McCreary, as administratrix of the estate of John McCreary,*

_____:
Enforced by mandamus.

*deceased*, the said order granting the appeal, to show upon its face that it was made after the answer of H. Stone, garnishee in said cause, had been filed, and before the order of that day had been made with regard to said garnishee upon said answer.