[No. 849.  Decided July 12, 1893.]

JAMES A. MOORE *et al.*, *Appellants*, v. D. F. BROWNFIELD, *Respondent.*

APPEAL — NOTICE — WEIGHT OF EVIDENCE — STATUTE OF LIMITA-
    TIONS — PROSPECTIVE EFFECT — ADVERSE POSSESSION.

Where notice of appeal is given in open court at the rendition of judgment, no other service of notice is necessary.

The verdict of a jury based upon conflicting testimony will not be set aside on the ground of the insufficiency of the evidence.

Where the period of limitation for the commencement of an action is reduced by statute from twenty to ten years, the limitation does not begin to run as to accrued actions until the taking effect of the later law, unless the legislative intent to give a retroactive effect to the law clearly appears.

Actual, uninterrupted and notorious possession under a claim of right, but without color of title, is sufficient to entitle the possessor to the benefit of the statute of limitations, and such possession need not be adverse as to all the world.

*Appeal from Superior Court, King County.*

*H. R. Clise*, and *Harold Preston*, for appellants.

*Isaac M. Hall*, and *Benson & Morris*, for respondent.

The opinion of the court was delivered by

ANDERS, J.—The respondent moves the court to dismiss this appeal for the alleged reasons that no notice of appeal was ever given in this action as required by law, and that one of the parties to this action has neither given nor received notice of this appeal. But, as the record shows that notice of appeal was given by plaintiffs in open court, no other notice or service was necessary (Code Proc., §§ 1405, 1406), and the motion must, therefore, be denied.

This is an action to recover the possession of a small tract of land situated in section 17, township 25 north, range 4 east, in King county, and lying on the north shore

of Lake Union, and in front of a portion of the Christian Brownfield homestead claim, of which the appellants are conceded to be the owners. The land embraced in said homestead claim was first surveyed by the United States government in the year 1855, at which time the premises in dispute were outside of the boundary then fixed — the meander line of the lake — and were partially, if not wholly, covered with water. Since that time the water of the lake has become so much lower that it has entirely receded from the land in controversy, and no longer covers any part thereof; and appellants claim title to the same by accretion, or, more properly speaking, reliction. The respondent took possession of a portion of the land in dispute on August 2, 1879, and built a house thereon in which he has ever since resided, and otherwise improved the same. He claims that the land then settled upon and improved by him was an island and a portion of the public domain, upon which large trees were growing, and that it was separated from the premises of appellants by a channel from forty to eighty feet wide and some three feet deep, which, by the recession of the waters of the lake, has become a part of the mainland, and that he is entitled to the possession, not only of this island, but of the intervening land to the original water line, by reason of having held the same adversely to everyone, except the United States and the State of Washington, for a period of more than ten years.

On the other hand, the appellants contend that no such island as claimed by the respondent ever existed, and at the trial they introduced several witnesses who testified favorably to their contention. They also introduced in evidence a plat of the original survey of this township by the government surveyors, on which no such island was shown or mentioned. But this evidence, except as to the plat, was directly contradicted by witnesses for the re-

spondent, and we are therefore unable to say that the evidence upon this branch of the case is insufficient to justify the verdict.

The next question to be determined is whether the court erred in its instructions to the jury with reference to the statute of limitations. Upon this subject the court charged the jury as follows:

"The court further instructs you that if you find from a preponderance of the evidence in this case that D. F. Brownfield, the defendant in this case, has been for more than ten years last past in actual, open, notorious, adverse possession of the premises in question, and that no one has asserted any right, title or claim to the property until the commencement of this action, and that the commencement was after a period of ten years of such uninterrupted, actual, open and notorious adverse possession by the defendant, then the plaintiff in this case cannot recover."

The statute in force when the respondent took possession of this land limited the time within which actions to recover the possession of real estate might be brought to twenty years. But in the year 1881 the legislature passed a new law changing the time to ten years. See Code 1881, § 26.

The court assumed, and, as we have shown, instructed the jury not only that the latter statute was applicable to plaintiff's cause of action, but that the period of limitation therein prescribed began to run at the time when the defendant entered into possession of the premises in controversy in the year 1879. In construing the statute so as to give it a retrospective operation, we think the learned trial court committed error.

While it is well settled that limitation laws pertain only to the remedy, and may be changed at the pleasure of the legislature, it is also true that such laws will not be given a retroactive effect unless it appears that such was clearly the legislative intention. And, therefore, in *Baer v. Choir*,

32 Pac. Rep. 776, this court, following the decision of the supreme court of the United States, in the case of *Sohn v. Waterson*, 17 Wall. 596, where a similar statute was construed, held, that while this ten-year statute took effect upon preëxisting rights of action and limited them, yet rights already accrued were not barred until the lapse of the full statutory period. This is not only an authoritative, but also a reasonable construction, and gives to the statute a uniform application in all cases affected by it. As this action was commenced within ten years after the statute went into operation, it is readily perceived that the instruction given to the jury upon the question of limitation was prejudicial to the appellants. The appellants are, therefore, entitled to a new trial. And the same result would of course follow if appellants' contention should be adopted, namely, that the old statute only is applicable to this case.

The objection that possession without color of title cannot be adverse so as to entitle the possessor to the benefit of the statute of limitations is not well taken. Actual, uninterrupted and notorious possession under a claim of right is sufficient, without color of title, and such possession need not be adverse to all the world. *Mather v. Walsh*, 107 Mo. 121 (17 S. W. Rep. 755). Although possession be held in subordination to the title of the United States, it may be adverse to one claiming the land as against the possessor. *Francœur v. Newhouse*, 43 Fed. Rep. 236.

The judgment is reversed, and a new trial granted.

DUNBAR, C. J., and HOYT, SCOTT and STILES, JJ., concur.