[No. 1414.  Decided December 29, 1894.]

JAMES A. MOORE ET AL., *Respondents*, *v.* D. F. BROWN-
FIELD, *Appellant*.

#### EJECTMENT—PLEADING—ESTOPPEL.

In an action of ejectment for the possession of certain land which plaintiffs claimed belonged to them by reliction, a defense that the land was an island, public domain of the United States, upon which defendant had settled, although the facts setting up same are combined in the answer with the defense of estoppel pleaded therein, will warrant the introduction of proofs establishing such facts, and where such proof has not been contradicted by plaintiffs, it is error for the court to direct a verdict in their favor.

Under the reformed procedure an equitable estoppel may be pleaded as a defense to an action of ejectment.

One who in good faith induces another to settle on his land, believing and representing the same to be government land, when in fact the title is in himself, is, nevertheless, estopped from asserting title against the one who, relying upon such representations, has gone into possession of the land and improved it.

The fact that a party is induced to take possession of the land of another as government land, with a view to obtaining title by residence and cultivation, is equivalent to a purchase.

*Appeal from Superior Court, King County.*

The facts are stated in the opinion and in *Moore v. Brownfield*, 7 Wash. 23.

*Benson & Morris*, for appellant.

*Clise & King*, for respondents.

The law prescribes certain formalities that must be observed in the transfer of land, and the law will not allow an estoppel in pais to do

away with these formalities. *Hayes v. Livingston*, 34 Mich. 384. Where a party has acted fairly under a mistake and has made no declaration contrary to his honest belief at the time, or with any intention to deceive, such actions and declarations do not operate by way of estoppel. Bigelow, Estoppel, p. 618, and citations; *Brewer v. Boston, etc., R. R. Co.*, 5 Metc. 478; *Gray's Adm'r v. Allen*, 14 Ohio, 58.

Where the condition of the title is known to both parties, or both have the same means of ascertaining the truth, there can be no estoppel, *Brant v. Virginia Coal & Iron Co.*, 93 U. S. 326; *Poynter v. Chipman*, 32 Pac. 690.

The opinion of the court was delivered by

HOYT, J.—This is an appeal from a judgment rendered upon a trial had in pursuance of the order of this court upon a former appeal reversing the judgment theretofore rendered (7 Wash. 23; 34 Pac. 199). Upon such new trial the pleadings were amended so that some new features were introduced. The principal contentions of the respective parties were, however, founded upon substantially the same facts as in the first trial. Then and now the plaintiffs claimed title in fee to the property in question, and sought to eject the defendant therefrom. Then and now the contention of the defendant was that the property was not that of the plaintiffs, but belonged to the United States, and was occupied by him for the purpose of enabling him to obtain title from the government. In addition to this, the amended answer set up certain facts tending to show that one of the grantors of the plaintiffs had so conducted himself towards the property in question and its occupation by defendant that he and they were estopped from asserting any title thereto as against him.

The first ground of defense was the one mainly relied upon at the first trial, and the evidence to establish the same was such that it was held upon the former appeal that it was sufficient to support the verdict rendered thereon, and the judgment would have been affirmed but for an erroneous construction of the statute of limitations.

It must follow that if the testimony upon that question was substantially the same upon the second trial as upon the first, and was properly admissible under the allegations of the answer, it so far established a defense to plaintiff's action that its sufficiency should have been submitted to the jury, and that it was error to take it from their consideration, and direct a verdict for the plaintiffs. It is, however, contended that the answer upon which the second trial was had was insufficient to warrant any proof upon this subject. This contention is founded partly upon the language of the answer and partly upon an alleged concession by counsel for defendant, at the trial, to the effect that he had abandoned what was termed the "island theory" as a basis for his defense, and only relied upon the allegations of the answer in reference thereto by way of inducement to authorize the allegations relied upon as constituting an estoppel. We are unable to ascertain wherein the allegations of the answer fail to set out sufficient facts to warrant the proofs introduced. They may not have been as completely separated from those as to the estoppel as they should have been, but that fact only furnished ground for a motion to have the defenses separately stated, and did not authorize a demand that the defendant elect as to which he would rely upon. Under the reformed procedure the pleading consists of a statement of the facts, and the answer in question was in substantial compliance with its requirements.

Neither can we find that there was a waiver at the trial of a right to rely upon this "island theory" as a defense to plaintiffs' action. Some such assertion was made at the time by counsel for plaintiffs, but the defendant so qualified his acquiescence therein that he was not thereby deprived of the right to rely upon all the facts pleaded which he could prove.

We have examined all the evidence and compared it with that put in upon the former trial, and are satisfied that the proof as to the "island theory" was much stronger upon this trial than upon the former one. At that trial there was a substantial contradiction by the plaintiffs of the proof

offered by defendant, while at this one there was nothing to contradict the testimony offered by defendant to show that the land was once an island.

What we have said is sufficient to show that the action of the court in directing a verdict for the plaintiffs constituted reversible error, but in view of another trial we will discuss the other questions involved in the case. One of them is the claim on the part of the defendant that the plaintiffs did not prove title in themselves. An examination of the record shows there is force in this contention so far as the actual introduction of evidence is concerned, but it is claimed that such evidence was made unnecessary by reason of certain stipulations and agreements entered into by the defendant. The record upon this appeal does not fully disclose all that may have had binding force upon the defendant in reference to this question, and we call attention to it now in order that at the next trial the matter may be more clearly put before the jury.

The other question grows out of the pleadings and proofs offered to show that plaintiffs were estopped from asserting title against the defendant. From these allegations and proofs the following facts were sufficiently established to require a submission of the questions relating thereto to the jury : That Christian Brownfield was the owner of a homestead claim upon the mainland opposite the property in question ; that said property was an island cut off from the mainland by a channel about eighty feet wide covered with water during the greater portion of the year to the depth of three or four feet ; that the meander line which bounded his claim along the lake front was upon said mainland quite a distance from the center of the channel which divided the island therefrom ; that while he was such owner of the upland he invited the defendant to go upon this island and there make his home ; that at that time he disclaimed all interest in the property himself, and stated that it belonged to the government ; that in pursuance of such invitation defendant went into possession of the property, cleared the same, erected buildings thereon, and there made his home continually from

about the date of said invitation in 1879, until the present time; that his occupation and improvement has been open and notorious, and without any objection on the part of said Christian Brownfield, or any other person; and that the plaintiffs claim under said Brownfield. It was not alleged or proven that in extending this invitation and inducing these acts on the part of the defendant, the said Christian Brownfield was guilty of any bad faith. It will probably be conceded that these representations were sufficient, if wilfully made, to have estopped said Brownfield, and those holding under him, from asserting title to the property. Nearly all of the authorities cited show that such would have been the result of such misrepresentations followed by the acts of the defendant proven upon the trial. It is true that a few of the cases lay down the doctrine that an equitable estoppel cannot be pleaded in defense to an action of ejectment. But an examination thereof will show that they were decided by courts exercising only common law jurisdiction, or where the distinction between the courts of common law and chancery exists, and few, if any, cases can be found where the reformed procedure is in force which hold that an equitable estoppel may not be pleaded in an action of ejectment.

The question remains as to the effect of such declarations and conduct when not made in bad faith. As to this there is a want of harmony among the cases, but in our opinion, under such circumstances as were shown by the testimony on the part of the defendant in the case at bar, the one who made these representations and those claiming under him were estopped, even although the representations were made in good faith. The effect upon one acting upon them is not changed by the motive which induced the representations. And we see no good reason why one who had made representations, even though acting under a mistake, as to the title of a piece of property for the purpose of inducing another to purchase the same and expend money thereon, should be allowed to stand by and see the money expended and afterwards assert title in himself to the property. The

most of the cases speak of such representations as having
been wilfully made, but some of them boldly announce the
doctrine that one cannot in equity assert title to a piece of
property concerning which he has made such representations
as to induce another to purchase and improve the same.

We cite the following cases, some of which assert the doc-
trine to the full extent required to sustain the contention of
the defendant upon the proof offered in the case at bar, and
the reasoning of the others logically leads to the same result,
although the element of wilfulness was a part of the facts
upon which the decisions were founded. *Los Angeles v.
Cohn*, 101 Cal. 373 (35 Pac. 1002); *Eickelberg v. Soper*, 1
S. D. 563 (47 N. W. 953); *Roeder v. Fouts*, 5 Wash. 135
(31 Pac. 432), *Marines v. Goblet*, 31 S. C. 153 (17 Am. St.
Rep. 22, 9 S. E. 803); *Putnam v. Tyler*, 117 Pa. St. 570
(12 Atl. 43); *Morgan v. Railroad Co.*, 96 U. S. 716; *Trustees
v. Smith*, 118 N. Y. 634 (23 N. E. 1002). See, also, Broom's
Legal Maxims (8th ed.), *174.

It is true that in the case at bar the defendant was not in-
duced to purchase the property, but the taking possession of
it as government land with a view of obtaining title by resi-
dence and cultivation was, in our opinion, equivalent to a
purchase.

The judgment will be reversed and the cause remanded
for a new trial.

DUNBAR, C. J., and STILES, J., concur.