M. WALLERICH v. E. W. SMITH & COMPANY, and ANNA C. SMITH, Appellant.

**Estoppel:** PARTNERSHIP. The intention with which words holding a speaker out as a member of a partnership are spoken, is immaterial. Such statements are obligatory, in favor of one who acts upon their reasonable import.

**Practice Supreme Court:** WAIVER. A defendant who makes no reply to a statement by the court, in his hearing, that it understands that there is no question about the amount the plaintiff is entitled to recover, waives the introduction of evidence as to the amount, and cannot question it on appeal.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

TUESDAY, FEBRUARY 11, 1896.

ACTION at law to recover of the defendants upon an account for services rendered. There was a trial by jury, and a verdict and judgment for the plaintiff The defendant, Anna C. Smith, appeals.—*Affirmed.*

*Bishop, Bowen & Fleming* and *St. John & Stevenson* for appellant.

*S. S. Cole* and *Thomas Burke* for appellee.

ROTHROCK, C. J.—I. The action was brought against E. W. Smith & Co., as a partnership, and against C. L. Smith and Annie C. Smith, the alleged members of the firm. Annie C. Smith denied that she was a member of the partnership. A trial was had to a jury. The account for services was proved up, and the jury returned a verdict against the defendants. A motion for a new trial as to Annie C. Smith, was sustained upon the ground that the evidence did not authorize the finding that she was a member of the firm. Afterwards, the plaintiff amended his petition by pleading that Annie C. Smith was a partner, as to him, because she held herself out and represented herself to be a partner in such a way as to be liable to him, the same as though she were in fact a partner. There was no evidence introduced upon the second trial in the way of proving up the account of the plaintiff as a valid claim for his services, and the court instructed the jury upon the theory that, as the amount had been determined on the first trial, the jury should accept that as the sum for which appellant was liable, if liable at all. The appellant excepted to the instructions in a general way, and one ground of a motion for a new trial was that there was no evidence that the plaintiff's account was valid; and it is urged that the judgment should be reversed for that reason. It is probably somewhat of a

question whether, under the facts of the case, it was necessary to make such proof on the second trial. We are not to be understood as holding that it was essential. We are well satisfied, however, that appellant is in no position to raise that question. The case was tried all through upon the theory that the account was established upon the first trial. The record shows that plaintiff's counsel, at the commencement of the trial, stated to the court, in the presence and hearing of defendants' attorney, that plaintiff understood that there was no further controversy in regard to the amount of the plaintiff's claim; and, at the close of the introduction of plaintiff's evidence, plaintiff's counsel stated that was all of plaintiff's evidence, unless there was some dispute as to the amount plaintiff was entitled to recover. The court then said, in the presence and hearing of defendants' attorney, that he (the court) understood there was no question but that, if plaintiff was entitled to recover, the amount of the judgment in the former trial, was the measure of recovery. We quote the following language from the bill of exceptions: "The defendants' attorney heard said statement, but made no admission or reply whatever." And when the court, in giving the form of a verdict to the jury, inserted the amount of recovery in one of the forms, and said to defendants' attorney that if the amount of interest was not correct, it could be corrected afterwards, the attorney made no objection or reply. Under this state of the record, it should be held that the defendant waived the introduction of evidence as to the amount, and ought not now to be allowed to question it.

II. Other objections to the judgment are founded upon exceptions to the instructions given to the jury, and for refusing instructions asked by defendant. We discover no error in the manner in which the case

was submitted to the jury, and we do not think it proper to especially consider the questions presented.

III.   We do not understand that the defendant claims, as a distinct proposition, that there was no evidence upon which the verdict was authorized.   But it is claimed that, under the instructions, the evidence was insufficient.   The defendant was sought to be held liable upon the well settled and established rule of the law, that everyone who authorizes another to believe him to be a partner is, as to the person so authorized, liable as a partner.   Much is said in argument, to the effect that the plaintiff, in order to recover, should have proved that the defendant intended, by her declarations and admissions, to lead the plaintiff to believe she was a partner.   The actual intention of the alleged partner is not the test of liability.   In *Sessions v. Rice*, 70 Iowa, 306 (30 N. W. Rep. 735), it was said that "every person will be conclusively presumed to intend to be understood according to the reasonable import of his words, and when a person's words are thus reasonably understood, and justly acted upon by another, such person cannot be heard to aver the contrary, as against the other."   See, also, *Morgan v. Railroad Co.*, 96 U. S. 716; *Continental National Bank v. National Bank of Commonwealth*, 50 N. Y. 575.   Applying this rule in the case, the verdict was well supported by the evidence.

IV.   Other questions are presented, which we do not think require special mention.   We find no error, and the judgment is AFFIRMED.