(No. 4854. Decided May 8, 1905.)

YESLER ESTATE, INCORPORATED, *Respondent,* v. H. E. HOLMES, *as Executor etc., Appellant.*[1]

ADVERSE POSSESSION—DISSEIZIN—ENTRY UNDER CLAIM OF RIGHT. Adverse possession, to work a disseizin of the true owner, must be under a claim of right or color of title, and it is proper in ejectment to instruct a jury that an entry on the lands of another under a mistaken though honest belief that the same are public lands subject to entry, would not work a disseizin of the true owner.

Appeal from a judgment of the superior court for King county, Morris, J., entered January 10, 1903, upon the verdict of a jury rendered in favor of the plaintiff in an action of ejectment. Affirmed.

*W. D. Lambuth* and *Richard Winsor,* for appellant.

*Struve, Hughes & McMicken,* for respondent.

PER CURIAM.—This is an action of ejectment, brought by the respondent against Charles F. Kraft and Mary Kraft, his wife, to recover the possession of certain lands which the respondent claimed formed a part of the donation land claim of Henry L. Yesler, to which it had succeeded by virtue of certain mesne conveyances from the heirs and devisees of his estate. Kraft and wife, answering the complaint, denied that the respondent had title to the property, or that it was ever a part of the donation land claim of Henry L. Yesler; and, as an affirmative defense, alleged that the land was the property of the state of Washington, of which they were rightfully in possession, and that they had held possession of the same, openly and notoriously, adverse to all the world, except the state of Washington, for a period of more than ten years. The new matter in the answer was put in issue by a reply; and a trial was had on the issues thus made, before the court sitting with

1 Reported in 80 Pac. 851.

a jury, which resulted in a verdict and judgment for the respondent. From the judgment, Kraft. and wife appealed. Subsequent to the appeal, both of the appellants died, and H. E. Holmes was appointed executor of the one, and administrator of the other. By order of this court, he was substituted in the place of the deceased appellants, and continues the prosecution of the appeal in his representative capacity.

A number of errors. are assigned, but as the appellant has discussed in his brief only those assigned on the giving of certain instructions, and the refusal to give certain others, we will notice these only. Counsel have been more than brief, both in their argument and in their references, and we have had some difficulty in ascertaining just what the precise objections to the instructions given are; but, as we understand it, they find fault with that part of them in which the court undertakes to define to the jury what constitutes adverse possession.

On this subject the court, in substance, instructed the jury that, under our statute, the rightful owner of real property is seized of the same, whether he is in possession of it or not, and that disseizin can only occur where there is an adverse and hostile entry; that an entry, to constitute an adverse or hostile entry, must be under a claim of right, made for the purpose of dispossessing the owner; and that an entry on the lands of another, under a mistaken, though honest, belief that such lands are public lands and subject to entry, would not work a disseizin of the true owner. It is contended that the court has here laid down a more harsh rule than the law warrants, in that mere possession, if sufficiently open and notorious to apprise the community that the land is in the possession of the occupant, will work a disseizin of the true owner. But the instructions are in accord, it seems to us, with the cases of *Balch v. Smith,* 4 Wash. 497, 30 Pac. 648; *Bellingham Bay Land Co. v. Dibble,* 4 Wash. 764, 31 Pac. 30; *Moore v. Brownfield,*

7 Wash. 23, 34 Pac. 199; and *Blake v. Shriver,* 27 Wash. 593, 68 Pac. 330. In the last cited case, we said:

"Without especially reviewing all the cases cited by either the appellants or respondent, the overwhelming weight of authority seems to be that the basis of an adverse possession is a claim of title or right. An entry can only be made by the seizin of the claimant, or by an ouster of the owner of the freehold. There must be a disseizin before another can become legally possessed of the lands, and this, of course, can only be done by some act which works a disseizin of the original owner, for the seizin cannot abide in two claimants at the same time. And as the statute of limitations will not commence to run until this seizin, it becomes necessary to determine what acts will constitute a disseizin or dispossession of the original claimants. First, there must be an intention; that is, an entry for the purpose of dispossessing the owner. That intention, of course, must be determined by the acts of the usurper; and before the right of the owner could be extinguished, and his divestment established, and in investiture created for the usurper, there must, of necessity, be an adverse possession on the part of the new claimant. And while it is true that the statute provides that no action shall be maintained unless the plaintiff has been possessed within ten years, yet the question of whether or not the original owner is so disseized must of necessity, in a case like this, depend upon whether or not there has been an adverse possession of the defendants during the statutory period. For the disseizin can only occur where there is an adverse or hostile entry. This court has said in *Bellingham Bay Land Co. v. Dibble,* 4 Wash. 764, 31 Pac. 30, that the entry must be under claim or color of title, or it would not ripen into title."

Under the rule of these cases, a mere naked possession is not sufficient to constitute adverse possession under the statute. Possession, to be adverse, must be actual, open, notorious, continuous, and under a claim of right or color of title. The instructions complained of did not go beyond this rule. Nor was the instruction contrary to *Moore v. Brownfield,* 10 Wash. 440, 39 Pac. 113. In that case the owner himself had put the claimant in possession, disclaiming all in-

terest in the property, and stating that it belonged to the government. It was held that this disclaimer and these representations estopped the owner from asserting the contrary, even though they were made in good faith, and in the belief that the land was government land.

The instructions requested and refused require no special consideration. Those that were pertinent and proper were substantially given, and this is all that a litigant can require. There is no error in the record, and the judgment will stand affirmed.