[No. 7656. Decided April 19, 1909.]

McNAUGHT-COLLINS IMPROVEMENT COMPANY, *Appellant*, v. THOMAS MAY *et al.*, *Respondents*.[1]

ADVERSE POSSESSION—CLAIM OF RIGHT—SETTLEMENT ON PUBLIC LANDS—MISTAKE. The settlement without color of title upon government land, in good faith, believing it to be such when it in fact belonged to a private owner, is not such a taking under "claim of right" as would constitute an adverse possession; since there is, in its inception, no disseizin by possession adverse to the government, and no claim of right thereafter upon discovering the mistake (Overruling *Johnson v. Conner*, 48 Wash. 431, 93 Pac. 914).

Appeal from a judgment of the superior court for King county, Griffin, J., entered July 31, 1908, upon the verdict of a jury rendered in favor of the defendants, in an action of ejectment. Reversed.

*Ballinger, Ronald, Battle & Tennant* (*J. L. Corrigan*, of counsel), for appellant.

*Tom Alderson*, for respondents.

DUNBAR, J.—This is an appeal from a judgment of the superior court of King county, entered upon the verdict of a jury rendered in favor of the defendants, in an action to recover possession of certain lands, situated in King county. The plaintiff in its complaint alleged ownership in fee of said lands, the possession of the defendants, demand there-

[1]Reported in 101 Pac. 237.

for, and refusal to surrender the same to the plaintiff; and proved a chain of title from the United States down to the plaintiff. The defendants by their answer denied ownership in plaintiff of said land, admitted their possession, and affirmatively pleaded their title to said land by open, notorious, exclusive, continuous, and adverse possession of said property, under claim of right, for more than fifteen years before the commencement of plaintiff's action.

It is unnecessary to discuss the testimony in this case. The vital question is raised by an assignment of the appellant that the court erred in giving the following instruction to the jury:

"If you believe from a fair preponderance of the evidence that the defendants in good faith entered upon the land in controversy under the supposition and belief that it was government land, and that they might hold the same as such, and if you further find from a fair preponderance of the evidence that more than ten years prior to the commencement of this action, upon discovering the mistake, they openly and notoriously held the same in hostility to the title of the actual owner or claimant, and that since then they have been in the open, notorious, exclusive, continuous, and adverse possession for ten years prior to the commencement of this suit, your verdict will be for the defendants."

It is well established that, in order to set the statute of limitations running against the owner, the possession must be adverse, open, notorious, exclusive, continuous, and with color of title or claim of right. That, at least, is the established law of this state, and in effect of all other jurisdictions. Many cases are cited by the appellant to establish these propositions, but it is not necessary to discuss them; for their force as the law of the land is admitted by counsel for the respondents. The pivotal question is, Does a settlement on government land, believing it to be government land, when in fact it is the land of a private owner, constitute a claim of right? It may be conceded in this case that there is no color of title in the respondents, and that the judgment can only be affirmed

on the theory that the settlement upon government land in good faith constituted an adverse possession because it was possession taken under claim of right. Many cases decided by this court are cited by counsel for both the appellant and the respondents to sustain their respective theories. But those cases, without specially reviewing them, simply lay down the general law and the requisites of possession which we have mentioned above.

But unfortunately there are two cases which have been decided by this court which, for some cause, are squarely in conflict on this proposition. The case of *Johnson v. Conner*, 48 Wash. 431, 93 Pac. 914, announces the rule as follows:

"While an entry upon the land of another, under the supposition and belief that it is government land and that the party entering may hold the same as such, may not of itself constitute an entry under claim of right, yet where such an entry is made in good faith, and the entryman upon discovering his mistake proceeds to openly and notoriously hold the same adversely and in hostility to the title of the actual owner or claimant, we think this constitutes an adverse holding and disseizin under a claim of right;"

citing several cases which, upon examination, we find do not sustain this doctrine, the cases not involving the particular question involved in that case and in this, viz.: whether a settlement on land, believing it to be public land, was a settlement under a claim of right which would have the effect of disseizing the rightful owner. While in *Yesler Estate v. Holmes*, 39 Wash. 34, 80 Pac. 851, the opposite doctrine is announced, the court saying:

"On this subject the court, in substance, instructed the jury that, under our statute, the rightful owner of real property is seized of the same, whether he is in possession of it or not, and that disseizin can only occur where there is an adverse and hostile entry; that an entry, to constitute an adverse or hostile entry, must be under a claim of right, made for the purpose of dispossessing the owner; and that an entry on the lands of another, under a mistaken, though honest, belief that such lands are public lands and subject to

entry, would not work a disseizin of the true owner. It is contended that the court has here laid down a more harsh rule than the law warrants, in that mere possession, if sufficiently open and notorious to apprise the community that the land is in the possession of the occupant, will work a disseizin of the true owner."

But the instructions are in accord, it seems to us, with the cases cited by the court, some of which were the same cases cited in *Johnson v. Conner, supra.* This case of *Yesler Estate v. Holmes,* was however not cited in the case of *Johnson v. Conner,* was evidently overlooked, and had probably not been called to the attention of the court in the argument of the case. So that the one or the other of these cases must be overruled, to the end that the law may be made certain upon this question.

In order to constitute adverse possession there must be a disseizin of the owner at some particular time. The possession must be open and notorious in order to give notice to the owner, so that he may have an opportunity to try title with the possessor, or usurper, as he may be termed. It must be continuous and exclusive, of course, and under color of title or claim of right, in good faith; otherwise the claimant would simply be a common trespasser. This disseizin must necessarily and logically constitute the commencement of a new title working a change in the ownership of the land; the initiation of a title which will ripen into ownership, if persisted in and not interfered with by the true owner. This possession must be an independent possession, and not subservient to a superior right or title. Then, if at some particular time there must be a disseizin which starts the new title in the claimant, when does that time arise, under the theory announced in *Johnson v. Conner?* When the claimant settles upon the land believing it to be government land, his possession is subservient to the government. It is true, by observing the rules prescribed by the government, he may claim some rights under his possession when he comes to make for-

mal application for the land. But in no sense could he be said to be holding possession hostile or adverse to the government. Hence, there is no hostile possession adverse to the true owner at that time. Now, under the theory upon which this case was decided, the hostile and adverse possession commenced at the time when the respondents discovered that the title of the land was not in the government, but was in some private individual. If it was at that time that the statute was set in motion by the commencement of the adverse possession by reason of the disseizin of the true owner, then there certainly was no settlement under claim of right, because the claimants knew that the title was not in the government but in some one else, and they would logically then be in the same position as though no settlement had ever been made, under the theory that the land was government land. It is not consistent to hold that their right of possession adverse to the owner commenced after they were aware that the title was not in the government, and at the same time allow them to date back their claim of right to a period beyond their knowledge on this question.

So far as the argument on the policy of these different decisions is concerned, it would seem to us that the better reasoning is in favor of the rule that the settlement upon government land does not constitute an adverse possession. No hardship can be imposed upon any one under this rule, for it is a matter of easy ascertainment whether land which a party desires to settle upon is government land or whether the title has passed from the government.

It is not necessary to review the many other cases cited from this court, for they do not bear upon the question involved here. We are forced to the conviction that the instruction was wrong, and that the judgment must be reversed; and as this is the main reliance of the respondents and the only defense they have against the claim of the appellant, a new trial would be fruitless, and the court is in-

structed, therefore, to grant the judgment as prayed for by the appellant.

FULLERTON, CHADWICK, MOUNT, CROW, and GOSE, JJ., concur.