[No. 9859.   Department Two.   February 24, 1912.]

KITSAP COUNTY TRANSPORTATION COMPANY, *Appellant*, v. PACIFIC COAST CASUALTY COMPANY, *Respondent*.[1]

INSURANCE—CASUALTY INSURANCE—ACTION—DEFENSES TO POLICY— AGREEMENT TO MAKE DEFENSE—INDEMNITY—DILIGENCE. In an action on a policy of casualty insurance, the assured is not entitled to show that, after giving notice of the accident, the company agreed to defend and the assured was injured in making its defense by being lulled into a feeling of security, where the assured entered appearance November 12, was informed before November 25 that the company would not make the defense, the trial took place the following July, and it did not appear that the assured used any diligence in preparing the defense, or that it was prevented from doing so by any act of the company.

SAME—POLICY—WAIVER OF PROVISIONS — EVIDENCE — SUFFICIENCY. There is no evidence that a casualty insurance company waived the provisions of a policy exempting it from liability in case of accident to a passenger on a boat, where the policy provided that none of its

[1]Reported in 121 Pac. 457.

provisions could be waived except by written consent of an officer, and the alleged waiver was merely the statement of a local agent that he had a personal letter from an officer saying that they would take charge of the case.

Appeal from a judgment of the superior court for King county, Albertson, J., entered April 1, 1911, upon the verdict of a jury rendered in favor of the defendant, in an action on a policy of indemnity insurance. Affirmed.

*Bamford A. Robb*, for appellant.

*Munn & Brackett*, for respondent.

MORRIS, J.—Appellant seeks in this action to recover upon a policy of casualty insurance issued by respondent, covering the steamer Reliance, owned and operated by appellant. It is alleged that, on June 27, 1907, Peter P. Juul received certain injuries on the steamer Reliance, and while he was not a passenger, it being admitted that the policy did not cover injuries to passengers; that appellant immediately notified respondent of the accident, and the probable claim for compensation by Juul; that respondent agreed to investigate the claim and take charge of any litigation that might arise; that thereafter Juul commenced his action, and appellant delivered the complaint to respondent and requested it to conduct the defense under the policy; that respondent agreed to do so, but subsequently declined to proceed with the defense of the action upon the ground that Juul was a passenger at the time of the accident, and therefore not within the terms of the policy; that it was then agreed between appellant and respondent that appellant would defend the action without prejudice to its rights under the policy, and without in any way waiving its claim that Juul was not a passenger at the time of his injury, and that it did so defend; and judgment was entered against it for $3,000 and costs, which judgment was subsequently affirmed on appeal to this court. It then set up its necessary expense in defending the action, which amount, together with the amount of the Juul judgment, it

sought to recover. Respondent denied any agreement to conduct the litigation, denied the further agreement pleaded by appellant under which it undertook the defense of the action; and pleaded affirmatively that, at the time of the accident, Juul was a passenger, and any liability to him was not covered by the policy. The result of the action was a verdict for respondent, and this appeal.

Upon the trial, appellant contended its right to recover upon two theories: (1) That the respondent agreed to conduct the litigation that might arise from the Juul accident, and waived any question as to whether or not he was a passenger; (2) that Juul was not a passenger and that, under the agreement, the judgment obtained by him upon the theory that he was a passenger did not, as between the parties hereto, determine the question. All of the assignments of error grow out of the lower court's treatment of the first theory, and are addressed to the refusal to permit certain testimony and the instructions given and refused. While the manager of appellant was giving testimony, he was asked this question: "What did you do personally about the Juul case between the time you submitted your report of the accident and the time that the suit was brought?" to which objection was made and sustained. Counsel for appellant then offered to prove that, relying upon representations and waivers of the casualty company, and believing that it was taking care of the matter, appellant neglected to look after the case. This offer was refused. The witness was then asked: "State whether or not, after your report of the accident and after your conversation with Mr. Caesar (agent of respondent), in which he said the Pacific Coast Casualty Company would take care of the case, you did anything further in regard to the Juul claim for damages?" Objection was made and sustained to this question, whereupon appellant offered to prove that, relying upon statements of the casualty company that it would take charge of the case, the appellant was lulled into a feeling of security in regard to the case,

whereby it was injured and prevented from properly defending the Juul case, which offer was denied.

These rulings are assigned as error. We do not so regard them. Appellant could not establish its right of recovery in this case by proving its neglect in the first case, nor could it prove it suffered in its defense in the first case by its assertion that it was prevented from properly defending the first case, without offering evidence of some facts upon which such conclusions might be predicated. There was no attempt to show it lost a favorable settlement of the case, or was unable to produce all the testimony existing in support of its defense, or its inability to produce any material witness, or any defense in law or fact it lost the benefit of because of its reliance upon respondent's promise to defend. There was no showing of any fact from which it could be concluded that its conduct of the defense in the Juul case would have been any different from what it was, or that there were existing facts it might have made use of that would have aided in its defense. Without some proof of these or other like facts, the court was justified in refusing to permit it to give the jury its conclusion that it suffered any injury. Appellant entered its appearance in the Juul case on November 12, 1907. Some time between that date and November 25 it knew respondent would not undertake the defense. The trial of the case took place the following July. There was nothing to show that this was not ample time in which to obtain all the facts upon which a defense might be based, or that appellant could have done anything it did not do in support of its defense of the Juul action. If it did not act diligently in that defense, it could not transfer the result of its lack of diligence to respondent. So long as it undertook the defense of the case, knowing from its last agreement with respondent that the cost of such expense and any adverse judgment obtained would be a liability upon one or the other, as it might be determined whether or not the accident was within the terms of the policy, it was its duty to proceed

with all diligence, and present every defense in fact and in law which the circumstances would permit. And until it appeared that appellant was, by the conduct of respondent, prevented from doing so, it was not competent for it to tell the jury it was injured and prejudiced in its defense.

The next error is the court's instruction that there was no evidence that the casualty company had waived the provision of the policy which exempted it from loss in case of injury to a passenger. We can find no evidence of any such waiver. It was provided in the policy that none of its provisions could be waived or altered except by written consent of an officer of the company. The testimony upon which appellant relies to bring it within this provision of the policy, and establish its claim of error, is that of its manager, who stated that he had a conversation with Mr. Caesar, one of the Seattle agents of the casualty company, in which Mr. Caesar "stated that he had a letter from an official of the company, or a party connected with the company in San Francisco, which he had in his pocket. I did not read the letter, but he quoted from the letter that he had, in which he stated that they would take charge of the case without the establishment of a precedent to control future cases." Appellant says in its brief, "this was certainly a written consent of an officer of the company waiving the provisions of the policy." We cannot so hold. It was nothing more than hearsay evidence of the contents of a letter. We quote further from the testimony on this point:

"He (Mr. Caesar) said it was from an official of the company, a friend of his; that it was a personal letter. Q. Did he say what official? A. He did not; he did not say what position the gentleman had. Q. Did he tell you he was an officer? A. I do not recollect."

This was altogether too vague and indefinite, if it could be classed as testimony at all, upon which to base a finding that some officer of the respondent had in writing waived the provision of the policy as to passengers. Appellant says *Staats*

*v. Pioneer Ins. Ass'n*, 55 Wash. 51, 104 Pac. 185, supports its contention upon this point. We cannot so read it. The *Staats* case holds that an adjuster of an insurance company may waive formal proofs of loss; that the insurance company, having sent him as its agent for the particular purpose of settling the loss, has thereby clothed him with authority to bind the company by his representations and agreements affecting the loss. We have no such facts here. It is not contended that Mr. Caesar waived the provisions of the policy, or that he had any authority to do so. The contention of waiver is based wholly on the conversation regarding the contents of the letter, which establishes neither a waiver nor any connection between what is urged as a waiver with any authorized official of the casualty company.

Some objection is made to the instructions of the court. We can find no error in them, nor in the refusal to give those requested. The instructions covered every phase of the case submitted to the jury with clear and concise statements of the law applicable thereto. While it is not our province to pass upon the facts of the case, having read the record in connection with the assignments of error, we cannot conceive how any other conclusion could have been reached by the jury without doing violence to the evidence.

The judgment is affirmed.

DUNBAR, C. J., FULLERTON, MOUNT, and ELLIS, JJ., concur.