[No. 1117-3.    Division Three.    June 8, 1976.]

R. A. HANSON COMPANY, INC., *Respondent*, v. AETNA CASUALTY & SURETY COMPANY, *Appellant*.

*Randall & Danskin* and *Robert T. Carter,* for appellant.

*Brian B. Kennedy* and *Turner, Stoeve, Gagliardi & Kennedy,* for respondent.

McINTURFF, C.J. — Aetna Casualty and Surety Co. (Aetna) appeals from an adverse judgment awarding damages and ordering Aetna to defend its insured, R. A. Hanson Co., Inc. (Hanson), in an action filed in the United States District Court, District of Hawaii. Judgment was based upon findings of the elements of equitable estoppel and waiver against Aetna. We remand for entry of findings on the fact of prejudice in equitable estoppel and for entry of judgment in accord with those findings. We reverse the judgment of waiver.

R. A. Hanson Co., Inc., had been unable to resolve a consumer complaint arising from the 1969 sale of a specialized heavy duty machine in Hawaii. Failing mutual resolution, the consumer filed his action against Hanson in Hawaii federal court in October 1971. Hanson forwarded the complaint to Aetna on October 14, 1971. Aetna agreed to defend the Hawaii action without reservation of rights on November 4, 1971. On December 15, 1971, Aetna obtained the complete file on the Hawaii claim, together with all information and records, from Hanson's attorney. After a reevaluation of the Hawaii claim, Aetna advised Hanson on January 26, 1972, that the claim was not covered by their policy and that Aetna was withdrawing from the defense. At the time of withdrawal, approximately 2½ months after

610

acceptance, the Hawaii complaint had been answered, but no investigation had taken place.

Hanson contends that an insurer (Aetna) is estopped from asserting noncoverage under the policy after assuming the defense of its insured without reservation of rights. It is argued that prejudice to the insured must be presumed by the insured's relinquishment of control of the litigation. We disagree.

█ Among the necessary elements of equitable estoppel, only the existence of prejudice to Hanson by the acts of Aetna is at issue.[1] As a general rule, an insurer is estopped from withdrawing from the defense of its insured when undertaken without reservation of rights if withdrawal will result in prejudice to the insured. Prejudice to the insured arising from withdrawal is not presumed. The insurer is not estopped from later raising noncoverage under the policy without substantial proof that the insured will actually be prejudiced by withdrawal.[2] Only in extreme cases will prejudice be presumed, as where the insurer claims noncoverage after judgment and surrender of all right of appeal, making actual proof of prejudice impossible. The insured is then relieved of his affirmative burden of proof of prejudice.[3] The present 2½-month delay in withdrawal does not create an extreme case.

The Washington rule requiring proof of the fact of prejudice in all but extreme cases rests upon older Washington case law. However, we are aware of no social changes which require a change in that rule of law. Proof of the fact of prejudice from withdrawal is not an undue burden

[1]*See Kessinger v. Anderson*, 31 Wn.2d 157, 170, 196 P.2d 289 (1948).

[2]*Kitsap County Transp. Co. v. Pacific Coast Cas. Co.*, 67 Wash. 297, 300-01, 121 P. 457 (1912); see *Buchanan v. Switzerland Gen. Ins. Co.*, 76 Wn.2d 100, 109, 455 P.2d 344 (1969); *Reynolds v. Travelers' Ins. Co.*, 176 Wash. 36, 50, 28 P.2d 310 (1934); 14 G. Couch, *Insurance 2d* §§ 51:79, 51:168 (1965); 7A J. Appleman, *Insurance Law and Practice* § 4693 (1962); Annots., 81 A.L.R. 1326, 1361-66; 38 A.L.R.2d 1148, 1157-60 (1962).

[3]*Globe Nav. Co. v. Maryland Cas. Co.*, 39 Wash. 299, 310, 81 P. 826 (1905); 14 G. Couch, *Insurance 2d* § 51:80; Annots., 81 A.L.R. 1326, 1358-61; 38 A.L.R.2d 1148, 1160-61 (1962).

to place upon an insured claiming estoppel. Prejudice may be shown through loss of a favorable settlement of the case, inability to produce all testimony existing in support of the defense, inability to produce any material witness, loss of the benefit of any defense in law or fact through reliance upon the insurer's promise to defend, or withdrawal by the insurer so near in time to trial that the insured is unable to prepare his· defense.[4] This list is not exhaustive, but is to suggest ways in which the insured may sustain his affirmative burden of proof of prejudice.

The court found and concluded that the rights of Hanson had been prejudiced by the initial acceptance of the defense and later withdrawal from defense by Aetna. To aid us in discovering the court's intended meaning, we turn to the court's memorandum opinion,[5] which states that "the law would seem to be that prejudice to the insured is presumed to occur as a result of this type of activity by the insurer." In contrast, the court also states that Aetna's failure to contest jurisdiction or make immediate investigation "might very well have been" or "would also seem to indicate" prejudice. The court's reliance upon fact of prejudice or presumption of prejudice in reaching its decision is not clear. To the extent the court's decision was based upon a presumption of prejudice, in whole or in part, the court was in error.

Because of the above quotes from the court's memorandum opinion, we are also uncertain whether the facts would be sufficient to find prejudice, especially in light of our remarks following in this opinion. We therefore remand for entry of findings on the factual existence of prejudice arising from withdrawal. We also remand to the sound discretion of the trial court the decision to reopen the case for additional testimony on the factual existence of prejudice, should such prove necessary. The trial court shall then enter judgment in accord with those findings.

[4]*Kitsap County Transp. Co. v. Pacific Coast Cas. Co.*, 67 Wash. 297, 300, 121 P. 457 (1912).

[5]*Dickson v. United States Fidelity & Guar. Co.*, 77 Wn.2d 785, 791, 466 P.2d 515 (1970).

Hanson points to certain acts or omissions by Aetna as substantial proof of the fact of prejudice. We will discuss these arguments to eliminate further confusion on remand.

Contrary to argument by Hanson, a factual finding of prejudice cannot be based upon Aetna's failure to contest jurisdiction or venue in the Hawaii action. Jurisdiction of a federal court cannot be expanded by consent of the parties where jurisdiction does not otherwise exist.[6] Jurisdiction could be challenged at any time, before or after Aetna's withdrawal.[7]

As to venue, though parties to a federal action may stipulate to venue, no stipulation appears from the face of the answer entered by Aetna in the Hawaii action.[8] Hanson was thus free to move for change of venue upon grounds of forum non conveniens after withdrawal of Aetna.[9] Motion for change of venue is untimely only when, in the discretion of the court, transfer will not serve the ends of justice.[10] Because the insured in the present case lost neither the right to challenge jurisdiction nor venue by conduct of its insurer, prejudice cannot be based upon such conduct.

In arguing the existence of prejudice, Hanson also points to the potential conflict of interests confronting its counsel who was retained by Aetna. It is argued that the attorney could not serve two masters fairly when their interests did not coincide. True as this may be, we reiterate that prejudice is not to be presumed, even from this potential conflict of interests. The fact of abuse of the arrangement for the

---

[6]*Hodgson & Thompson v. Bowerbank*, 9 U.S. (5 Cranch) 303, 3 L. Ed. 108 (1809); *Sosna v. Iowa*, 419 U.S. 393, 42 L. Ed. 2d 532, 95 S. Ct. 553, 556 (1975).

[7]*McGrath v. Kristensen*, 340 U.S. 162, 167, 95 L. Ed. 173, 71 S. Ct. 224 (1951).

[8]*Sosna v. Iowa,* 419 U.S. 393, 42 L. Ed. 2d 532, 95 S. Ct. 553, 556 (1975).

[9]28 U.S.C. 1404(a) (1962).

[10]*Snam Progetti S.P.A. & Bahamas Oil Refining Co. v. Lauro Lines,* 387 F. Supp. 322, 323 (S.D.N.Y. 1974); *In re Antibiotic Antitrust Actions,* 333 F. Supp. 299, 304-06 (S.D.N.Y.), *mandamus denied, Pfizer, Inc. v. Lord,* 447 F.2d 122 (2d Cir. 1971); C. Wright, *Federal Courts* § 44, at 166 (1970).

sole benefit of the insurer to the prejudice of the insured must be affirmatively proven.[11] The record discloses no misuse of the fiduciary attorney-client relationship.

It is also argued by Hanson that expert opinion testimony offered at trial was substantial proof of the fact of prejudice to Hanson by the actions of Aetna. In turn, Aetna contends that prejudice in the present case was an improper subject of expert testimony because such testimony infringed upon the function of the court in finding an ultimate fact. However, opinion as to ultimate fact does not render the opinion incompetent. The expert may express opinion upon any fact at issue when such testimony will aid the trier of fact in finding the truth.[12] Aid to the trier of fact through the present expert testimony may be debatable, in which case the discretion of the court in admitting such testimony will not be reversed on appeal.[13]

Much expert opinion regarding prejudice was negated at trial by the expert himself. Even the remaining expert opinion, to the effect that prejudice arises from the natural reticence of witnesses to respond after commencement of the action, is weakened by Hanson's answer to interrogatories that it knows of no lost witnesses. But the weight to be accorded this expert opinion testimony lies with the trier of fact on remand, and not with this court.[14]

We now move to the issue of waiver by Aetna of noncoverage under the policy, which waiver would bar withdrawal after acceptance of the Hawaii defense. The trial court concluded there had been a waiver after finding inaction by Aetna in discovering the noncoverage.

Waiver is an intentional relinquishment of a known right.[15] The record shows that Aetna advised Hanson of the

---

[11]*Van Dyke v. White*, 55 Wn.2d 601, 349 P.2d 430 (1960).

[12]*Gerberg v. Crosby*, 52 Wn.2d 792, 795-99, 329 P.2d 184 (1958).

[13]*Hill v. C. & E. Constr. Co.*, 59 Wn.2d 743, 746, 370 P.2d 255 (1962); *Crenna v. Ford Motor Co.*, 12 Wn. App. 824, 826, 532 P.2d 290 (1975).

[14]*Gerberg v. Crosby*, 52 Wn.2d 792, 795-99, 329 P.2d 184 (1958).

[15]*Buchanan v. Switzerland Gen. Ins. Co.*, 76 Wn.2d 100, 109, 455 P.2d 344 (1969); *Morrissette v. Continental Life & Accident Co.*, 9 Wn. App. 789, 791, 514 P.2d 1391 (1973).

decision to withdraw shortly after reevaluation of the claim by the Aetna home office. The reaction of Aetna to the revelation of noncoverage is logically consistent with the conclusion of initial mistake, of which intent is no part. Initial acceptance of the defense might have been oversight or lack of knowledge of noncoverage but manifests no intent to relinquish a known right when viewed in light of subsequent withdrawal. Absent substantial evidence of intent, there was no waiver. The court was in error.

Judgment of the Superior Court is reversed, with remand for entry of findings on prejudice and judgment in light of this opinion.

GREEN and MUNSON, JJ., concur.