942 F.2d 794
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
TWIN CITY FIRE INSURANCE COMPANY, Plaintiff-Appellee,
v.
KING COUNTY, WASHINGTON, Defendant-Appellant.
 No. 90-35759.
 United States Court of Appeals, Ninth Circuit.
 Argued and submitted July 10, 1991.
Decided Aug. 22, 1991.
 
 Before D.W. NELSON, NOONAN and THOMAS G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 King County appeals from the order of the district court granting Twin City Fire Insurance Company's motion for summary judgment. After de novo review of the grant of summary judgment, we affirm.
 
 
 3
 If the insurance policy language is clear and unambiguous, the court may not modify the contract or create an ambiguity where none exists. Morgan v. Prudential Ins. Co. of America, 86 Wash.2d 432, 435, 545 P.2d 1193, 1195 (1976) (citations omitted). "A policy provision is ambiguous when, on its face, it is fairly susceptible to two different interpretations, both of which are reasonable." Id. (citations omitted). The Twin City policy is not ambiguous. The "Notice of Occurrence" and "Loss Payable" notice provisions have different purposes and are not in conflict. The district court carefully evaluated the County's view of whether or not the Twin City Policy would likely be involved with the Azpitarte claim. Twin City Fire Ins. Co. v. King County, 749 F.Supp. 230, 232-33 (W.D.Wash.1990). We agree that King County breached its obligation of notification.
 
 
 4
 When looked at by the average person, a practical and reasonable interpretation of the popular and ordinary meaning of the policy does not provide that the insured may avoid the "Notice of Occurrence" condition and simply submit a claim within 12 months of judgment or settlement. See Stoughton v. Mutual of Enumclaw, 61 Wash.App. 365, 368, 810 P.2d 80, 82 (1991); Greer v. Northwestern Nat'l Ins. Co., 109 Wash.2d 191, 198, 743 P.2d 1244, 1247-48 (1987). The selected portion of the deposition testimony of Charles Winans does not assist King County's argument to the contrary. The unambiguous policy will therefore not be construed in favor of coverage in this case. See Shotwell v. Transamerica Title Insurance Co., 91 Wash.2d 161, 168-69, 588 P.2d 208, 212 (1978).
 
 
 5
 Prejudice to the insurer is presumed only in extreme cases and the burden of proof is on the insurer. Felice v. St. Paul Fire & Marine Ins. Co., 42 Wash.App. 352, 359, 711 P.2d 1066, 1070 (1985), review denied, 105 Wash.2d 1014 (1986); Pulse v. Northwest Farm Bureau Ins. Co., 18 Wash.App. 59, 62, 566 P.2d 577, 579 (1977); see also Baugh Constr. Co. v. Mission Ins. Co., 836 F.2d 1164, 1174 (9th Cir.1988). We agree with the district court that under the facts of this case, prejudice may be presumed. Furthermore, actual prejudice may be shown in this case through the loss of a favorable settlement. R.A. Hanson Co. v. Aetna Casualty & Surety Co., 15 Wash.App. 608, 611, 550 P.2d 701, 703 (1976).
 
 
 6
 We have considered all other contentions of the appellant and conclude that no discussion is necessary.
 
 
 7
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3