# Supreme Court of Louisiana

FOR IMMEDIATE NEWS RELEASE

NEWS RELEASE #030

FROM: CLERK OF SUPREME COURT OF LOUISIANA

The Opinions handed down on the **27th day of June, 2018**, are as follows:

**PER CURIAM**:

2017-C-2074    BRANDON FORVENDEL v. STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY (Parish of Jefferson)

In this case, we are called upon to decide whether an insurer waived its defenses to plaintiff's current claim by paying on an earlier claim to him in error. For the reasons that follow, we find that the insurer did not waive its rights. Accordingly, we reverse the judgments of the courts below.

REVERSED.

**SUPREME COURT OF LOUISIANA**

**No. 2017-C-2074**

**BRANDON FORVENDEL**

**VERSUS**

**STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY**

**ON WRIT OF CERTIORARI TO THE COURT OF APPEAL,
FIFTH CIRCUIT, PARISH OF JEFFERSON**

**PER CURIAM**

In this case, we are called upon to decide whether an insurer waived its defenses to plaintiff's current claim by paying on an earlier claim to him in error. For the reasons that follow, we find that the insurer did not waive its rights. Accordingly, we reverse the judgments of the courts below.

**FACTS AND PROCEDURAL HISTORY**

Plaintiff, Brandon Forvendel, was injured in a multi-vehicle accident in 2013. At the time of the accident, plaintiff was driving a Chevrolet Equinox owned by him and insured under a policy issued by State Farm Mutual Automobile Insurance Company ("State Farm"), which included uninsured motorist ("UM") coverage. Plaintiff recovered the limits of his UM coverage under his State Farm policy.

At the time of the 2013 accident, plaintiff lived in the household of his mother, Deborah Forvendel, who was also insured by State Farm. Plaintiff also sought to recover under his mother's State Farm UM policy, which carried significantly higher

policy limits. State Farm refused to allow him to recover under his mother's policy, citing the anti-stacking provisions of La. R.S. 22:1295(1)(c).[1]

As a result, plaintiff filed the instant suit against State Farm. In his petition, plaintiff alleged that the facts of the instant case were strikingly similar to an earlier 2007 accident in which State Farm allowed him to recover UM benefits under both his own UM policy and his mother's UM policy.

At trial, plaintiff offered evidence regarding the 2007 accident. In particular, he relied on a June 9, 2008 letter from a State Farm manager to plaintiff's attorney. This letter referenced to the 2007 accident and plaintiff's claim under his mother's policy, stating, "your client does qualify as an insured for Uninsured Motorist coverage." Thereafter, State Farm allowed plaintiff to recover under both policies for the 2007 accident. Ms. Forvendel testified State Farm did not notify her of any error in permitting plaintiff's recovery under her policy in 2007.

_____

[1] La. R.S. 22:1295(1)(c) provides:

> (c) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subparagraph (1)(a) of this Section, then such limits of liability shall not be increased because of multiple motor vehicles covered under such policy of insurance, and such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy; however, with respect to other insurance available, the policy of insurance or endorsement shall provide the following with respect to bodily injury to an injured party while occupying an automobile not owned by said injured party, resident spouse, or resident relative, and the following priorities of recovery under uninsured motorist coverage shall apply:
>
> (i) The uninsured motorist coverage on the vehicle in which the injured party was an occupant is primary.
>
> (ii) Should that primary uninsured motorist coverage be exhausted due to the extent of damages, then the injured occupant may recover as excess from other uninsured motorist coverage available to him. In no instance shall more than one coverage from more than one uninsured motorist policy be available as excess over and above the primary coverage available to the injured occupant.

State Farm's representative, Aaron Angel, testified that the 2007 payment was made in error. Paul Robichaux, a State Farm Auto Team Manager in 2008, testified the 2007 claim was referred to him to consider whether plaintiff, as a resident relative, could select UM coverage under Ms. Forvendel's policy, but he did not consider the anti-stacking statute. Mr. Robichaux stated he was unaware plaintiff collected UM benefits under his own policy at the time, and he did not make any determination regarding stacking.

At the conclusion of trial, the district court entered judgment for plaintiff in the amount of $50,000 in damages, plus interest and costs. In its reasons for judgment, the district court explained "State Farm previously interpreted the agreement between the parties to cover plaintiff under his mother's UM policy, and this fact can be considered by the Court in interpreting the agreement between the parties in effect at the time of the 2013 accident."

State Farm appealed. In a split decision, the Court of Appeal, Fifth Circuit, affirmed, concluding the trial court did not err in finding State Farm waived any defense to the 2013 claim by paying the 2007 claim in error. *Forvendel v. State Farm Mut. Auto. Ins. Co.*, 17-77 (La. App. 5 Cir. 11/15/17), 230 So.3d 687. The dissenting judge rejected the majority's reasoning, finding it would be in contravention of the anti-stacking statute to find State Farm extended coverage to plaintiff beyond his policy limits.

Upon State Farm's application, we granted certiorari to consider the correctness of this decision. *Forvendel v. State Farm Mut. Auto. Ins. Co.*, 17-2074 (La. 3/9/18), ___ So.3d ___.

## DISCUSSION

3

The anti-stacking statute, La. R.S. 22:1295 provides, in pertinent part:

> (c) If the insured has any limits of uninsured motorist coverage in a policy of automobile liability insurance, in accordance with the terms of Subparagraph (1)(a) of this Section, then such limits of liability shall not be increased because of multiple motor vehicles covered under such policy of insurance, and **such limits of uninsured motorist coverage shall not be increased when the insured has insurance available to him under more than one uninsured motorist coverage provision or policy**. . . .
>
> [emphasis added].

Plaintiff does not dispute that the provisions of this statute apply under the instant facts. However, he argues State Farm waived its right to assert this defense based on its actions in connection with plaintiff's earlier 2007 accident.

In finding a waiver occurred, the court of appeal relied on our opinion in *Steptore v. Masco Constr. Co.*, 643 So.2d 1213 (La. 1994). In *Steptore*, we held an insurer waived its right to assert a coverage defense by assuming and continuing the defense of its insured in the face of facts indicating that it had a right to deny coverage for the accident. We explained the law as follows:

> Waiver is generally understood to be the intentional relinquishment of a known right, power, or privilege. *Tate v. Charles Aguillard Ins. & Real Estate, Inc.*, 508 So.2d 1371 (La.1987); *Ledoux v. Old Republic Life Ins. Co.*, 233 So.2d 731 (La.App. 3d Cir.), *cert denied* 256 La. 372, 236 So.2d 501 (1970); *Peavey Co. v. M/V ANPA*, 971 F.2d 1168 (5th Cir.1992); Comment, Waiver and Estoppel in Louisiana Insurance Law, 22 La.L.Rev. 202 (1961); 16B Appleman, Insurance Law and Practice, § 9081 (1981); Couch on Insurance 2d, § 35:249 (Rev. ed. 1985). Waiver occurs when there is an existing right, a knowledge of its existence and an actual intention to relinquish it or conduct so inconsistent with the intent to enforce the right as to induce a reasonable belief that it has been relinquished. *Tate, supra; Peavey, supra; Ledoux, supra;* 16B Appleman, supra, § 9085. A waiver may apply to any provision of an insurance contract, even though this may have the effect of bringing within coverage risks originally excluded or not covered. *Tate, supra.*

4

It is well established that an insurer is charged with knowledge of the contents of its own policy. *Youngblood v. Allstate Fire Ins. Co.*, 349 So.2d 462 (La.App. 3d Cir.1977); *Davis v. Aetna Casualty & Surety Co.*, 329 So.2d 868 (La.App. 2d Cir.), *writ denied*, 333 So.2d 233 (1976); *Pellets, Inc. v. Millers Mutual Fire Ins. Co.*, 241 So.2d 550 (La.App. 2d Cir.1970), *writ denied*, 257 La. 607, 243 So.2d 274 (1971). In addition, notice of facts which would cause a reasonable person to inquire further imposes a duty of investigation upon the insurer, and failure to investigate constitutes a waiver of all powers or privileges which a reasonable search would have uncovered. *Swain for and on behalf of Swain v. Life Ins. Co. of Louisiana*, 537 So.2d 1297 (La.App. 2d Cir.1989), *writ denied*, 541 So.2d 895 (1989); *Foret v. Terrebonne Towing Co., Inc.*, 632 So.2d 344 (La.App. 1st Cir.1993); *Peterson v. Pacific Fire Ins*. Co., 148 So. 283 (La.App.Orl.Cir.1933); *Franz v. United Casualty Co.*, 49 F.Supp. 267 (E.D.La.1943); Comment, La.L.Rev. supra 206; 16B Appleman, supra § 9084.

Waiver principles are applied stringently to uphold the prohibition against conflicts of interest between the insurer and the insured which could potentially affect legal representation in order to reinforce the role of the lawyer as the loyal advocate of the client's interest. *Employers Mutual Liability Ins. Co. of Wisconsin v. Sears, Roebuck & Co.*, 621 F.2d 746, 747 (5th Cir.1980); *Pacific Indemnity Co. v. Acel Delivery Serv.*, 485 F.2d 1169, 1173 (5th Cir.1973), cert denied, 415 U.S. 921, 94 S.Ct. 1422, 39 L.Ed.2d 476 (1974); *Parsons v. Continental National American Group*, 113 Ariz. 223, 550 P.2d 94 (1976); *Employers Casualty Co. v. Tilley*, 496 S.W.2d 552 (Tx.1973); *Transamerica Ins. Group v. Chubb and Son, Inc.*, 16 Wash.App. 247, 554 P.2d 1080 (1976). Cf. *Dugas Pest Cont. v. Mutual Fire, Marine and Inland Ins. Co.*, 504 So.2d 1051 (La.App. 1st Cir.1987); *Brasseaux v. Girourd*, 214 So.2d 401 (La.App. 3d Cir.), *writ denied*, 253 La. 60, 216 So.2d 307 (1968); *Storm Drilling Company v. Atlantic Richfield Corp.*, 386 F.Supp. 830 (E.D.La.1974). See Rule 1.7, La.Rules of Professional Conduct; Restatement of the Law (3rd), The Law Governing Lawyers, Chapter 8, Introductory Note, §§ 201 & 202 (Tentative Draft 1990); Opinion 342, Opinions of the Committee on Professional Responsibility (La.State Bar Ass'n 1974); 15 McKenzie & Johnson, Insurance Law and Practice § 216 (1986). **Accordingly, when an insurer, with knowledge of facts indicating noncoverage under the insurance policy, assumes or continues the insured's defense without obtaining a nonwaiver agreement to reserve its**

5

**coverage defense, the insurer waives such policy defense**. *Peavey Co. v. M/V ANPA*, 971 F.2d 1168 (5th Cir.1992); *Pitts By and Through Pitts v. American Sec. Life Ins. Co.*, 931 F.2d 351 (5th Cir.1991); *Ideal Mut. Ins. Co. v. Myers*, 789 F.2d 1196 (5th Cir.1986); *Employers Mutual Liability Ins. Co. of Wisconsin v. Sears, Roebuck & Co.*, 621 F.2d 746, 747 (5th Cir.1980); 16C Appleman, Insurance Law and Practice § 9361.25 (1981). Cf. *Tate v. Charles Aguillard Ins. & Real Estate, Inc.*, 508 So.2d 1371 (La.1987); *Ledoux v. Old Republic Life Ins. Co.*, 233 So.2d 731 (La.App. 3d Cir.), *cert denied* 256 La. 372, 236 So.2d 501 (1970).

There is no genuine dispute as to the material facts pertinent to the waiver issue. Applying the foregoing precepts to those facts, we conclude that Ocean Marine waived its right to assert a coverage defense by assuming and continuing the defense of its insured in the face of facts indicating that it had a right to deny coverage for the accident.

*Id.* at 1216-1217 [emphasis added].

We find *Steptore* is factually distinguishable from the case at bar. *Steptore* involved a waiver based on the actions of the insurer during the course of a single proceeding. In sharp contrast to those facts, the plaintiff in the instant case is seeking to rely on the insurer's actions which occurred in connection with a prior 2007 claim to find a waiver occurred in the context of the current 2013 claim.

Although we have not had occasion to address this precise issue, the United States Court of Appeals for the Fifth Circuit rejected a similar argument in *American International Specialty Lines Ins. Co. v. Canal Indemnity Co.*, 352 F.3d 254 (5th Cir. 2003). We quote with approval the sound reasoning set forth in the opinion of Judge Carl Stewart:

We also find that Louisiana's Code articles governing the "payment of a thing not owed" compel our conclusion that, contrary to Canal's argument, **an insurer does not, by virtue of making a payment on a claim, waive the right to assert coverage defenses to a subsequent claim**. See La. Civ. Code Ann. arts. 2299-2305 (2003). Indeed, Louisiana's intermediate appellate courts have relied on

these articles in holding that an insurer's erroneous, or even negligent, payment of a claim to its insured does not bar the insurer from later recouping the amount paid. *Dear v. Blue Cross of Louisiana*, 511 So.2d 73, 74-76 (La.Ct.App. 3d Cir.1987) (holding that an insurer's erroneous payment to its insured for medical expenses arising from a preexisting condition that was excluded from coverage did not bar the insurer from recovering the amounts paid); *Central Sur. & Ins. Corp. v. Corbello*, 74 So.2d 341, 344 (La.Ct.App. 1st Cir.1954) (allowing insurer to recover payments it made to its insured for costs related to an accident that occurred after the expiration of the policy); see also *Pioneer Bank & Trust Co. v. Dean's Copy Prods., Inc.*, 441 So.2d 1234, 1236-37 (La.Ct.App. 2d Cir.1983) (holding that a bank's negligence in mistakenly paying a judgment creditor who had no account with the bank did not bar the bank's claim for reimbursement of the amount of debt paid). Moreover, under Louisiana Civil Code article 2299, analyzed in detail below, even "a person who knowingly has paid a thing not owed may reclaim" the amount paid from the recipient. La. Civ.Code. Ann. art. 2299 cmt. (d) (2003). Applied to the facts before us, even if AISLIC's payment to Canal for the Comal County loss were made knowingly, such knowing payment would not waive its right to reclaim that amount. We therefore are unpersuaded by Canal's assertion that AISLIC's payment of the Comal County claim can waive the right to contest the subsequent Bexar County claim, when under Louisiana law such payment would not even estop the payor, AISLIC, from reclaiming the amounts paid for the Comal County loss. **In sum, we decline to extend application of the waiver rule articulated in *Steptore* to the relationship among insurers particularly when, under the facts presented, such application would contravene the Louisiana Civil Code and this Circuit's precedent. Therefore, like the district court, we reject the contention that AISLIC waived the right to rely on its "other insurance" clause to contest liability for the Bexar County loss by having paid the prior Comal County claim.**

*Id.* at 271 [emphasis added; footnotes omitted].

Applying this reasoning to the present case, we find any purported waiver by State Farm of its defenses with regard to the 2007 claim cannot constitute a waiver

with regard to the current claim.[2]  Accepting plaintiff's argument would result in the absurd conclusion that State Farm is forever precluded from raising the anti-stacking defense in any future claim filed by plaintiff.

Accordingly, we find the court of appeal erred in affirming the judgment of the district court which held plaintiff was entitled to recover beyond the limits of his UM policy.  That judgment must be reversed.

## DECREE

For the reasons assigned, the judgment of the court of appeal is reversed. Judgment is hereby rendered in favor of State Farm Mutual Automobile Insurance Co. dismissing the claims of Brandon Forvendel with prejudice.

---

[2]  Because the 2007 claim is not before us, we need not pass on the question of whether the law or public policy would countenance an action by an insurer which has the effect of expanding coverage beyond the limits set forth in La. R.S. 22:1295, although we acknowledge this question has prompted some divergence in the circuits.  See *Livas v. State Farm Mutual Automobile Ins. Co.*, 99-1169 (La.App. 5 Cir. 7/18/00), 797 So.2d 694 (holding that a policy could extend coverage beyond that required by the statute); *Egle v. Allstate Ins. Co.*, 04-1144 (La. App. 3rd Cir. 12/08/04), 889 So.2d 413 (explaining the facts of *Livas* "are inapposite to the ones at hand, and we find this holding inapplicable to this case.").  It suffices to say that for purposes of the facts before us, we find State Farm has not waived its defenses under the statute or its policy.